JASON M. ERLICH, Bar No. 203661
Email: jason@erlichlawfirm.com
ERLICH LAW FIRM, P.C.
180 Grand Ave., Suite 1380
Oakland CA 94612
Tel: (510) 390-9140
Fax: (510) 369-3876

Jennie Lee Anderson, Bar No. 203586
 Email: jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel:   (415) 986-1400
Fax:   (415) 986-1474

Attorneys for Plaintiff and Proposed Class and Subclass
RORESTE REFUERZO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORESTE REFUERZO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Roreste Refuerzo (Lead Plaintiff or Mr. Refuerzo), on behalf of himself and those similarly situated, complains against defendant Southwest Airlines Co. (Defendant or Southwest), demands a trial by jury of all issues, and alleges:

## INTRODUCTION

1.Southwest, a major international airline, instituted a policy in 2019 that effectively penalizes its flight attendants' exercise of family and medical leave. Under the policy, a flight attendant who would otherwise be entitled to a reduction in disciplinary points is not given the reduction if she took medical or family leave. This policy plainly violates federal and California state law.

2.As a result of the policy, Mr. Refuerzo was terminated. He brings this class action seeking damages on behalf of other Southwest flight attendants who were terminated by Southwest as a consequence of Defendant's penalization of protected leave. Moreover, Mr. Refuerzo seeks injunctive relief on behalf of all Southwest flight attendants effected by the policy.

3.Finally, Mr. Refuerzo brings individual claims to redress his own unlawful termination.

**PARTIES**

4.Mr. Refuerzo believes and alleges Southwest is a major airline and the world's leading low-cost carrier. While Southwest's headquarters is located in Dallas, Texas, it has major operations in California, including bases in Oakland and Los Angeles. It also has major operations in San Francisco, San Jose, Sacramento, and San Diego. Southwest is the second largest airline by market share in the San Francisco Bay Area.

5.Southwest employs more than 50 people for each working day during each of 20 or more calendar workweeks during the applicable time period; is engaged in commerce or in an industry or activity affecting commerce; and is thus an employer under the Family and Medical Leave Act, 29 U.S.C. § 2601 (the FMLA). Southwest is also an employer as defined by California Government Code § 12945.2 (b) (3), the California Family Rights Act (CFRA).

6.Mr. Refuerzo was, at the times when the acts alleged herein occurred, an adult residing in San Mateo County within the State of California. At all times relevant to the complaint, Mr. Refuerzo was employed by Southwest and is an eligible employee as the term is defined by the FMLA, 29 U.S.C. § 2611 (2). Mr. Refuerzo is also an "employee" as that term is defined by

California Government Code §12926 (c) and is also an employee employed by an air carrier as defined by Section 12945.2 (r) (1).

### JURISDICTION AND VENUE

7. This Court has original jurisdiction over the "First Claim for Relief" under FMLA § 105(a)(1), which is memorialized at 29 U.S.C. § 2615 (a) and makes it illegal to restrain or interfere with a worker's right to family and medical leave established by the statute. Such jurisdiction lies within 28 U.S.C. § 1331.

8. This Court has jurisdiction over the "Second Claim for Relief" under section 105(a)(2) of the FMLA, which is memorialized at 29 U.S.C. § 105 (a) (2) and makes it illegal to discharge or discriminate against any employee for exercising their rights under the statute. Such jurisdiction lies within 28 U.S.C. § 1331.

9. The remaining Claims for Relief arise under California law and relate to the First and Second Claims for Relief. Together they form part of the same case or controversy under Article III of the United States Constitution, as presented more fully below. Therefore, this Court has jurisdiction over such state claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court as a substantial part of the allegations of unlawful employment practices and the events that gave rise to this action occurred in Alameda County, California and San Mateo County, California.

11. Assignment to the San Francisco Division or Oakland Division of this District is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events, conduct and omissions giving rise to this action occurred within these divisions of the District.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On January 25, 2022, Mr. Refuerzo filed, prior to initiating this action, a Complaint of Discrimination with the Department of Fair Employment and Housing (DFEH). On January 25, 2022, the DFEH issued a Notice of Case Closure and Right-to-Sue to Mr. Refuerzo, authorizing

him to file a private lawsuit against Southwest to enforce his rights under CFRA to full and equal employment opportunities free from unlawful discrimination. Mr. Refuerzo has exhausted all administrative remedies required by the CFRA as a prerequisite to this action.

### **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13. Southwest assesses "points" for attendance and disciplinary violations. When an employee accumulates 12 points for violating these policies, a committee can approve his or her termination.

14. Southwest has an internal policy entitled "Record Improvement, No Chargeable Offenses in a Quarter." It provides: "For each calendar Quarter during which a Flight Attendant is active for the entire Quarter and has no chargeable occurrences during the entire Quarter, two (2.0) points will be deducted from the Flight Attendant's accumulated point total until the total reaches zero (0)." Until March 1, 2019, a flight attendant's leave under the Family and Medical Leave Act or the California Family Rights Act had no impact on the process of penalty point subtraction under the "Record Improvement" policy. That is, taking intermittent FMLA leave did not prevent points from being subtracted if the employee did not accrue any penalty points in a quarter.

15. On February 19, 2019, Southwest announced changes to its Record Improvement and FMLA policies. Under the new rule, which went into effect on March 1, 2019, a flight attendant's use of intermittent FMLA leave disqualified the flight attendant from record improvement in a quarter. This policy functions to penalize flight attendants for taking leave protected under the FMLA or CFRA. That is, Southwest attaches a negative consequence to taking protected leave: employees who exercise their right to intermittent leave and who are otherwise qualified lose the benefit of a 2-point deduction. Application of this policy to to Lead Plaintiff led to his termination by Southwest in February of 2020.

### **MR. REFUERZO'S EXPERIENCE**

16. On August 25, 2006, Mr. Refuerzo began working for Southwest as a flight attendant. He was an excellent flight attendant for many years.

17. In May of 2019, Mr. Refuerzo applied for intermittent FMLA leave for a chronic knee injury. On June 4, 2019, Southwest approved Mr. Refuerzo's intermittent FMLA leave by a Qualification/Designation Notice. The notice provided that the start date of the approval was May 15, 2019, and the end date was May 13, 2020. The frequency of the approved leave was 2 times per year and the duration was 5 days. On November 22, 2019, November 24, 2019, and again on December 19, 2019, Mr. Refuerzo used his intermittent FMLA leave pursuant to Southwest's approval.

18. In Mr. Refuerzo's final full quarter with Southwest, which comprised October through December of 2019, he accrued no chargeable offenses or penalty points. Under Southwest's record improvement policy, this would typically have entitled Mr. Refuerzo to a 2-point deduction. However, as discussed above, Mr. Refuerzo properly invoked intermittent medical leave pursuant to Southwest's internal rules during the quarter. Under Southwest's alteration of the policy in March of 2019, which effectively penalized FMLA leave, Mr. Refuerzo did not receive a 2-point deduction.

19. As Southwest penalized Mr. Refuerzo for taking intermittent medical leave by barring him from the 2-point deduction to which he would otherwise have been entitled, Mr. Refuerzo ended 2019 with 9.5 disciplinary points instead of 7.5. This difference was determinative of his termination in February of 2020.

20. Under Southwest's internal procedures, flight attendants must arrive 1 hour prior to "the scheduled push of the aircraft" and sick calls must be made "at least two (2) hours prior to scheduled check-in of the pairing." If a sick call is not made 2 hours before the scheduled check-in, the flight attendant is assessed 2.5 disciplinary points.

21. On January 29, 2020, Mr. Refuerzo lost his voice due to a bad cold. In conformance with Southwest's rules, Mr. Refuerzo called out sick for a scheduled training. On the following day, January 30, 2020, the cold persisted and Mr. Refuerzo remained without his voice. Mr. Refuerzo called in exactly 2 hours before his scheduled check-in to inform Southwest he would not be able to make a flight. Southwest's call logs, as well as Mr. Refuerzo's phone records, show that

1 the call came in exactly 2 hours before the scheduled check-in. However, Southwest incorrectly registered the call 1 hour and 59 minutes before the flight. If the flight had been properly registered, Mr. Refuerzo would not have been assessed any disciplinary points. However, Southwest assessed 2.5 points to Mr. Refuerzo for reporting his illness less than 2 hours prior to the scheduled check-in.

22. If Southwest had not penalized him for taking intermittent family leave, the sick call in January 2020 would not, in any event, have resulted in Mr. Refuerzo reaching the 12-point termination threshold.

23. On February 11, 2020, Southwest issued Mr. Refuerzo a Termination Letter. The letter states that if a flight attendant reaches 12 disciplinary points, a committee can approve his termination. The letter then states that, (a)s "a result of your recent Late Sick Call, your attendance points are at termination level. Accordingly, your employment is terminated effective February 13, 2020." This is the sole justification Southwest presented for Lead Plaintiff's termination.

24. Mr. Refuerzo's termination violated the FMLA, California's Fair Employment and Housing Act (FEHA), and CFRA, as discussed below.

## CLASS ACTION ALLEGATIONS

**A. The Classes**

**FMLA Claims Are Brought on Behalf of a Nationwide Class**

25. Lead Plaintiff brings the class action pursuant to FRCP 23(a), as well as subsections (b)(3), and (c)(4) on behalf of a Nationwide Class defined as follows:

> All Southwest flight attendants based in the United States since March 1, 2019 to present who exercised their rights to family and medical leave and consequently lost access to a disciplinary points reduction and were subsequently terminated for an accumulation of disciplinary points (hereafter, **the Nationwide Class**).

**California Claims Are Brought on Behalf of a California Subclass**

26. Lead Plaintiff brings this action pursuant FRCP 23(a), as well as subsections 23(b)(3), 23(c)(4) and 23(c)(5) on behalf of a subclass of California employees defined as follows:

> All Southwest flight attendants based in California since March 1, 2019 to present who exercised their rights to family and medical leave and consequently lost access to a disciplinary points reduction and were subsequently terminated for an accumulation of disciplinary points (hereafter, the **California Subclass**).

**Injunctive Relief is Sought on Behalf of Nationwide and California (b)(2) Classes**

27. Alternatively, Lead Plaintiff brings this action pursuant to Federal Rules of Civil Procedure (FRCP), Rule 23(a), and subsections (b)(2) and (c)(4) on behalf of Nationwide and California Classes defined as follows:

> All Southwest flight attendants based in the United States since March 1, 2019 to present who exercised their rights to family and medical leave and consequently lost access to disciplinary points reduction (hereafter, **the (b)(2) Nationwide Class**); and

> All Southwest flight attendants based in California since March 1, 2019 to present who exercised their rights to family and medical leave and consequently lost access to disciplinary points reduction (hereafter, **the (b)(2) California Subclass)** (together, **the (b)(2) Classes**).

28. The Members of the (b)(2) Classes, Nationwide Class, and the California Subclass are referred to collectively as "Class Members" or "The Class."

29. Lead Plaintiff brings this action, which may be properly maintained as a class action because there is a well-defined community of interest in the litigation.

30. The Nationwide Class, the California Subclass, and the (b)(2) Classes each meet the requirements of FRCP 23(a) and (c) (4). The Nationwide Class and California Subclass also meet the requirements of FRCP 23(b)(3) and seek damages accordingly.

//

//

B.  **The Classes Satisfy the Necessary Elements of Rule 23**

**Numerosity (FRCP 23(a)(1))**

31. **The Nationwide Class.** Due again to the common need for intermittent family and medical leave and the 16,000 flight attendants subject to the policy, the number of Defendant's employees who were terminated subsequent to being penalized for taking intermittent leave protected by the FMLA is likely in the hundreds. Accordingly, the Nationwide Class meets the numerosity requirement. Moreover, Class members are readily identified from records maintained by Southwest and may be notified of the pendency of this action by mail or other form of notice customarily used in class actions.

32. **The California Subclass.** Southwest has bases in Oakland and Los Angeles. Additionally, it has major operations in San Diego, San Jose, San Francisco, and Sacramento. Southwest has over 2,000 employees based out of Oakland alone. Given this volume, and the other factors discussed above, the total number of flight attendants based in California who were terminated by Southwest following their exercise of rights protected by federal and California law is also likely in the hundreds. Thus, the California Subclass meets the numerosity requirement.

33. **The (b)(2) Classes**. The number of flight attendants working for Southwest who took FMLA leave since March 1, 2019 are in the thousands. Southwest employs over 16,000 flight attendants, thousands of whom are based in California, and the need for family and medical leave is common. Thus, the number of members of the (b)(2) Class(es) are likely in the thousands.

**Commonality and Predominance** (FRCP 23(a)(2) and (b)(3))

34. **The Nationwide Class**. The Nationwide Class Members seek redress for their terminations following Southwest's attachment of a negative consequence to the exercise of intermittent family and medical leave. The First and Second Claims for Relief alleges that the subject March 2019 policy change violated 29 U.S.C. § 2615(a) (1) and (2), respectively. Thus, the allegation that the policy violated the FMLA forms the common nucleus of each of the Class Members' claims. Answering the question of whether the policy violated the statute will provide a

basis for resolving liability for the entire class. This common issue predominates over individual issues, including individual damages calculations in satisfaction of FRCP 23(b)(3). Accordingly, the Class meets the commonality and predominance requirements.

35. **The California Subclass**. For the same reasons that the commonality and predominance requirements are met for the Nationwide Class, they are also met for the California Subclass.

36. **The (b)(2) Classes**. Southwest's policy change in March of 2019 was a standardized practice that effected all members of the (b)(2) Classes. The sole question for each member of the (b)(2) Classes is whether the policy functions as an impermissible penalty for an individual's exercise of family and medical leave such that the members of the (b)(2) Classes are entitled to an injunction obligating Southwest to discontinue the policy and reinstate points and/or their employment. The answer to this narrow question thus provides a basis for a class-wide resolution and relief. Accordingly, a common question exists and meet the requirements of FRCP(a)(2). The (b)(2) Classes need not plead nor prove that common issues predominated pursuant to FRCP 23(b)(3).

**Typicality (FRCP 23(a)(3))**

37. **The Nationwide Class**. Following the denied point reduction, Southwest terminated Mr. Refuerzo, as discussed above. The denial of the point reduction caused Mr. Refuerzo's termination.  If he had not exercised his FMLA rights, Mr. Refuerzo would not have been terminated in February of 2020, as he would have had less than 12 disciplinary points.  As Southwest terminates flight attendant's automatically when they reach a 12 disciplinary-point threshold, the termination of each Nationwide Class Member following Southwest's denial of a point reduction was similarly causally related to the use of intermittent leave. Due to the simple math involved, in each case the penalty assessed to the exercise of protected rights was a but-for cause of termination. As Mr. Refuerzo experience exemplifies this dynamic, he meets the typicality requirement for the Nationwide Class.

38.     **The California Subclass**. The California Subclass's factual allegations are conterminous with the Nationwide Class's factual allegations. The only difference is that the California Subclass, in addition to the FMLA, seeks redress under CFRA in the Third Claim for Relief, and, in the Fourth Claim for Relief, it seeks damages for wrongful termination under California law. As the factual allegations are the essentially the same, Mr. Refuerzo meets the typicality requirements for the California Subclass for the same reason that he meets this requirement for the Nationwide Class.

39.     **The (b)(2) Classes**. Lead Plaintiff's experience at Southwest illustrates the way in which the subject Southwest policy impermissibly attaches a negative consequence to an individual's exercise of the right to family and medical leave. Like other members of the (b)(2) Classes, Mr. Refuerzo was denied a point reduction to which he would have otherwise been entitled because he went on intermittent medical leave. As this denial goes to the heart of why the subject policy violates the federal and California law and the injunctive relief sought, Mr. Refuerzo claims are therefore typical of the (b)(2) Classes' claims.

**Adequacy of Representation (FRCP 23(a)(4))**

40.     Lead Plaintiff has no conflicts with the Class, as his claims, like the Class's, depends on a finding that Southwest's policy change in March of 2019 violated the FMLA or CFRA. Moreover, Lead Plaintiff's counsel is competent and experienced in employment class action litigation.

**Superiority of Class Action (FRCP 23(b)(3))**

41.     FRCP 23(b)(3) is satisfied as resolving the predominant and common question – i.e., whether Southwest's FMLA and discipline reduction policy changes in March of 2019 violated federal and state law – is best resolved on a class-wide basis. Indeed, an answer to this question will resolve whether the Nationwide Class and the California Subclass are entitled to relief.

42. Here, the class action mechanism is far superior to other available methods for the fair and efficient adjudication of the claims asserted herein because joinder of all members is impracticable, and the alternative would entail a multiplicity of separate actions potentially numbering in the thousands. Furthermore, because the damages suffered by certain individual members of the Nationwide Class may be relatively small, the expense and burden of individual litigation make it impracticable, if not virtually impossible, for Class members to pursue their claims separately. As a result, the likelihood of individual class members prosecuting separate claims is remote and class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and judicial system. It is also anticipated that certain defenses asserted by Southwest will be common to all Class members.

**Requirements of Rule 23(b)(2)**

43. Southwest has acted or refused to act on grounds that apply generally to the (b)(2) Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the (b)(2) Classes as a whole.

44. Southwest has acted on grounds generally applicable to the (b)(2) Classes by adopting and implementing a systemic and unlawful policy, practice, and procedure that penalizes members of the (b)(2) Classes for exercising protected family and medical leave.

45. Southwest systemic policy of penalizing the (b)(2) Classes' exercise of the right to family and medical leave have made appropriate the requested final injunctive and declaratory relief with respect to the (b)(2) Classes as a whole.

**Requirement of Rule 23(c)(4)**

46. Class-wide liability and the relief sought herein present common issues capable of class-wide resolution, which would advance the interest of the parties in an efficient manner.

**FIRST CLAIM FOR RELIEF**

**Interference in Violation of the FMLA**
**(29 U.S.C. § 2515 (a) (1))**
**Brought by the Nationwide Classes Against Defendant Southwest**

47. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Lead Plaintiff brings the First Claim for Relief under 29 U.S.C. § 2615 (a) (1), which makes it illegal to restrain or interfere with workers' rights under the FMLA. Southwest's policy, implemented on March 1, 2019, restrained the use of leave under the FMLA by attaching a negative consequence to the exercise of rights guaranteed under the statute. That is, flight attendants taking leave are penalized by losing access to disciplinary point reductions under Southwest's Record Improvement policy. Southwest employees are left to choose between utilizing their leave protected under the FMLA or losing the benefit of a point reduction.

49. When the Nationwide Class Members chose to use their protected leave, Southwest penalized them by barring the Nationwide Class from a disciplinary point reduction under the Record Improvement policy. Subsequently, Southwest terminated the Nationwide Class Members for reaching the 12-point threshold. Each member of the Nationwide Class would not have reached the threshold at the time of the termination if not for Southwest's penalization of the Class's exercise of rights protected by the FMLA. Southwest's interference with the Nationwide Class's protected right to medical leave was a plain violation of the FMLA.

50. Similarly, the (b)(2) Nationwide Class has a right to be free of policies that impede on or discourage their lawful use of FMLA benefits

51. As a direct and proximate cause of Southwest's FMLA violation, the Nationwide Class suffered damages as further detailed in the section below entitled "DAMAGES," and the Nationwide Classes are entitled to injunctive relief, including restoration of points, offers of reinstatement, and/or an order prohibiting Southwest from continuing the unlawful conduct alleged herein.

**S<small>ECOND</small> C<small>LAIM FOR RELIEF</small>**
**Discrimination and Retaliation in Violation of the FMLA**
**(29 U.S.C. 2615(a)(1) and (2))**
**Brought by the Nationwide Classes Against Defendant Southwest**

52. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53. Lead Plaintiff brings the Second Claim for Relief under 29 U.S.C. § 105(a)(2), which makes it illegal to discharge or discriminate against any employee for exercising their rights under the FMLA. Southwest's discrimination and retaliation also violates 29 U.S.C. 2615(a)(1), as 29 CFR § 825 (c) provides that the "prohibition against interference prohibits an employer from discriminating or retaliating against an employee."

54. The policy Southwest implemented on March 1, 2019 discriminated against Nationwide Class members who used leave under the FMLA by attaching a negative consequence to the exercise of rights guaranteed by the statute. When the Class members chose to use their protected leave, Southwest punished them by barring the Nationwide Class from a disciplinary point reduction under the Record Improvement policy. Subsequently, Southwest retaliated against the Nationwide Class members by terminating their employment when the members' point-accumulations reached the 12-point threshold. Each member of the Nationwide Class would not have reached the threshold at the time of their termination if not for Southwest's penalization of the Nationwide Class's protected FMLA use. Southwest's discrimination and retaliation against the Nationwide Class for exercising its protected right to medical leave was a plain violation of the FMLA.

55. Similarly, (b)(2) Nationwide Class has a right to be free of policies that impede on or discourage their lawful use of FMLA benefits.

56. As a direct and proximate cause of Southwest's violation of the FMLA, the Nationwide Class suffered damages as further detailed in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth in full, and the Nationwide Classes are entitled to injunctive relief, including restoration of points, offers of reinstatement, and/or an order prohibiting Southwest from continuing the unlawful conduct alleged herein.

**THIRD CLAIM FOR RELIEF**
**Discrimination and Retaliation in Violation of CFRA**
**(Cal. Gov. Code § 12945.2(1))**
**Brought by the California Subclasses Against Defendant Southwest**

57. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Lead Plaintiff brings the Third Claim for Relief as a class action pursuant to FRCP, Rule 23, on behalf of the California Subclasses.

59. California Government Code § 12945.2(1) makes it an unlawful employment practice for an "employer to … discharge … suspend … or discriminate against any individual because of … an individual's exercise of the right to family and medical leave."

60. Southwest discriminated and retaliated against the California Subclasses for taking medical leave by disqualifying them from receiving a two-point deduction following a quarter with no chargeable offenses. As a result of the penalty Southwest applied for taking medical leave, Southwest terminated members of California Subclass when they subsequently reached the 12 disciplinary-point threshold and unfairly withheld points from members of the (b)(2) California Subclass. Thus, Southwest violated the CFRA by discriminating and retaliating against members of the California Subclass for exercising their rights to medical leave protected by CFRA.

61. As a direct and proximate cause of Southwest's discrimination and retaliation in violation of Gov. Code § 12945.2(a), the California Subclass suffered damages as further detailed in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth in full, and the California Subclasses entitled to injunctive relief.

**FOURTH CLAIM FOR RELIEF**
**Wrongful Termination in Violation of Public Policy**
**Brought by the California Subclass Against Defendant Southwest**

62. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

63. It is fundamental public policy of the State of California as expressed in Gov. Code §§ 12940 *et seq*., as well as the common law of this state, that an employer shall not discriminate or retaliate against an individual in any employment decision because of that person's right to or use of medical leave as protected by the CFRA.

64. The California Subclass were fully qualified and competent to perform the essential duties to which they were assigned. Southwest wrongfully and unlawfully terminated each of the members of the California Subclass.

- 14 -

65. As a direct and proximate cause of Southwest's unlawful termination of his employment, Plaintiff suffered damages, as stated below in the section entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth in full, as well as injunctive relief.

**FIFTH CLAIM FOR RELIEF**
**Unfair Competition**
**Brought by the California Subclasses Against Defendant Southwest**

66. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

67. California Business and Professions Code §§ 17200 et seq. (UCL) prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code § 17500.

68. Southwest's discrimination, interference and retaliation against Nationwide Class Members, the California Subclasses as alleged herein, was an unfair, unlawful and/or fraudulent business practice.

69. Through its actions alleged herein, Southwest has engaged in unfair competition within the meaning of section 17200, because Southwest's conduct has violated federal and state employment and labor laws and the California common law as herein described.

70. The UCL empowers the Court to enjoin unlawful and unfair conduct.

71. As described above, Southwest's policy of penalizing its employees' exercise of protected CFRA and FMLA rights is a plain violation of the CFRA and FMLA, and, therefore, prohibited under the unlawful prong of the UCL.

72. Southwest's conduct also violates the fraudulent prong of the UCL in that it failed to adequately disclose aspects of its points system to Class members and the public. Class members could have sought other employment on better terms had Southwest fully informed them of their unlawful practices.

73. Southwest's conduct is also unfair under the UCL. The harm to Class members vastly outweighs any benefit to Southwest, and Southwest's conduct is also anticompetitive, as it disadvantages competitors who do follow the law. Moreover, the harm to Class members is

precisely what the CFRA and FMLA are designed protect, and therefore tethered to the important legislative policies underlying those statutes.

74. The Court should enjoin Southwest's conduct, reinstate points owed to the California Subclasses, and reinstate employment for California Class members who were terminated as a result of the unlawful conduct alleged herein.

75. Absent injunctive relief enjoining Southwest from engaging in unlawful, unfair, and fraudulent business practices described above, Lead Plaintiff, members of the California Subclasses, and the general public will be irreparably injured, the extent, nature and amount of such injury being impossible to ascertain.

76. Lead Plaintiff and members of the California Subclasses have no plain, speedy and adequate remedy at law.

77. For these reasons, Plaintiff seeks appropriate preliminary and permanent injunctive relief.

### SIXTH CLAIM FOR RELIEF
**Discrimination and Retaliation in Violation of CFRA**
**(Cal. Gov. Code § 12945.2(1))**
**Brought by Lead Plaintiff Individually Against Defendant Southwest**

78. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

79. Lead Plaintiff brings the Sixth Claim for Relief individually.

80. California Government Code § 12945.2(1) makes it an unlawful employment practice for an "employer to … discharge … suspend … or discriminate against any individual because of … an individual's exercise of the right to family and medical leave."

81. Southwest discriminated and retaliated against Mr. Refuerzo for taking medical leave by disqualifying him from receiving a two-point deduction following a quarter with no chargeable offenses. As a result of the penalty Southwest applied for taking medical leave, Southwest terminated Mr. Refuerzo when he subsequently reached the 12-point threshold. Thus, Southwest violated the CFRA by discriminating and retaliating against Mr. Refuerzo for exercising their rights to medical leave protected by CFRA.

- 16 -

82. As a direct and proximate cause of Southwest's discrimination and retaliation in violation of Gov. Code § 12945.2(a), Mr. Refuerzo suffered damages as further detailed in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth in full.

### SEVENTH CLAIM FOR RELIEF
**Wrongful Termination in Violation of Public Policy**
**Brought by Lead Plaintiff Against Defendant Southwest**

83. Lead Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

84. It is fundamental public policy of the State of California as expressed in Gov. Code §§ 12940 *et seq*., as well as the common law of this state, that an employer shall not discriminate or retaliate against an individual in any employment decision because of that person's right to or use of medical leave as protected by the CFRA.

85. Mr. Refuerzo was fully qualified and competent to perform the essential duties to which he was assigned. Southwest wrongfully and unlawfully terminated Mr. Refuerzo.

86. As a direct and proximate cause of Southwest's unlawful termination of his employment, Plaintiff suffered damages, as stated below in the section entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth in full.

### DAMAGES

87. 29 U.S.C. § 2617 allow for the recovery of back pay, front pay, injunctive relief, compensatory damages, special damages, general damages, costs, and attorney's fees for an employee who has suffered discrimination, retaliation or discharge in violation of the FMLA. 29 CFR § 8225.220 (b) provides that equitable relief for violations of the statute may include reinstatement. As a result of Southwest's wrongful and unlawful employment practices as set forth in the preceding paragraphs of this complaint, the Class is entitled to offers of reinstatement, as well as the damages permitted by 29 U.S.C. § 2617 and 29 CFR § 825.220.

88. Government Code section 12965 allows for reinstatement, as well as the recovery of back pay, front pay, injunctive relief, compensatory damages, special damages, general damages,

costs, and attorney's fees for an employee who has suffered discrimination, retaliation or discharge in violation of sections 12940 *et seq*. As a result of Southwest's wrongful and unlawful employment practices as set forth in the preceding paragraphs of this complaint, the Class is entitled to offers of reinstatement, as well as the damages permitted by law.

89.     As a result of Southwest's wrongful and unlawful employment practices as set forth in the preceding paragraphs of this complaint, the Class is entitled to receive an award of statutory attorneys' fees and costs under 29 U.S.C. § 2617, California Government Code § 12965, Code of Civil Procedure § 1021.5, or any other appropriate statute or law which Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

90.     As a direct and proximate cause of Southwest's unlawful acts as set forth in this complaint, the Class is entitled to injunctive and equitable relief, including an order prohibiting Southwest from engaging in practices described above.

## **PRAYER FOR RELIEF**

**Wherefore**, Mr. Refuerzo prays for judgment as follows:

(a)     That the Court determine that this action may be maintained as a class action under Rule 23(b)(3), or alternatively Rule 23(b)(2) and/or (c)(4), of the Federal Rules of Civil Procedure;

(b)     That Southwest's policy change effected on March 1, 2019 be adjudged to have been in violation of FMLA and/or the CFRA.

(c)     That judgment be entered for the Class members against Defendants for the amount of damages sustained by Lead Plaintiff, the Nationwide Class, and California Subclass as permitted by law, together with the costs and expenses of this action, including reasonable attorneys' fees;

(d)     That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or

claiming to act on their behalf, be permanently enjoined and restrained from, in any manner, continuing the conduct alleged herein, or from engaging in any other conduct having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect.

    (e)    That Defendants grant Class members' the point reductions to which they were entitled absent the exercise of protected activity;

    (f)    That Defendants reinstate the employment of Lead Plaintiff and other Class members who were terminated as a result of the unlawful policy;

    (g)    That Class Members be awarded any available prejudgment and post-judgment interest;

    (h)    That Class Members have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

## **JURY TRIAL DEMAND**

Wherefore, Lead Plaintiff demands trial by jury of all issues, except for attorneys' fees and costs.

Date:   February 10, 2022        ERLICH LAW FIRM, P.C.

/S/ *Jason Erlich*

_____
Jason M. Erlich, Esq.