JASON M. ERLICH (SBN 203661)
Email: jason@erlichlawfirm.com
ERICH LAW FIRM, P.C.
180 Grand Ave., Suite 1380
Oakland, CA 94612
Tel.: (510) 390-9140/Fax: (510) 369-3876

JENNIE LEE ANDERSON (SBN 203586)
Email: jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel.: (415) 986-1400 / Fax: (415) 986-1474

Attorneys for Plaintiff and Proposed Class and Subclass
RORESTE REFUERZO

ANNIE LAU (SBN 302438)
Email: alau@fisherphillips.com
MEGAN F. CLARK (SBN 301476)
Email: mclark@fisherphillips.com
KEVIN L. QUAN (SBN 317798)
Email: kquan@fisherphillips.com
DANIEL FARRINGTON (*Pro Hac Vice Pending*)
Email: dfarrington@fisherphillips.com
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, California 94104
Tel.: (415) 490-9000 / Fax: (415) 490-9001

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORESTE REFUERZO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No: 3:22-cv-00868-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:      May 12, 2022<br>Time:     1:30 p.m.<br>Location: Courtroom E, 15th Floor<br>               Phillip Burton Federal Building<br>               450 Golden Gate Avenue<br>               San Francisco, CA 94102 |

Plaintiff Roreste Refuerzo ("Plaintiff") and Defendant Southwest Airlines Co. ("Defendant") by and through their undersigned counsel of record, submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Norther District of California and Civil Local Rule 16-9.

**1. Jurisdiction and Service**

The Court has original jurisdiction over this action under 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over all of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Defendant has been served and filed its motion to dismiss Plaintiff's complaint on March 29, 2022 (ECF No. 12).

**2. Facts**

**A. Plaintiff**

On March 1, 2019, Southwest unilaterally changed its policy on how Flight Attendants using intermittent FMLA leave were subject to disciplinary points. (Dkt. No. 13-3). Under this policy change, Flight Attendants were no longer eligible for record improvement such that disciplinary points would be removed from their record when they exercised their right to intermittent FMLA leave. This policy functions to penalize flight attendants for taking leave protected under the FMLA or CFRA. (Compl., ¶ 15) Southwest attaches a negative consequence to taking protected leave because employees who exercise their right to intermittent leave are no longer eligible for a benefit of a 2-point deduction while Flight Attendants who do not use intermittent FMLA leave, and are otherwise eligible, are eligible for the benefit of point reductions. The effect of this policy change led to Lead Plaintiff Refuerzo's termination on February 13, 2020 for no other reason than his utilization of intermittent FMLA leave. (Compl. ¶ 16-24.) Plaintiff brought his claims as a proposed class pursuant to Rule 23(b)(3) in order to represent similarly situated employees who were terminated because of this FMLA leave policy change (*id*. ¶ 25-26) and a proposed class pursuant to Rule 23(b)(2) and/or (c)(4) of employees who have not yet been terminated but have continued to accrue disciplinary points for their use of FMLA leave and remain subject to the unlawful policy. (*Id*. at ¶ 27)

/ / /

**B.  Defendant**

Defendant employed Plaintiff as a Flight Attendant. Defendant denies that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant. At all relevant times, Defendant denies that it violated the relevant provisions under the Family Medical Leave Act ("FMLA"), California Family Rights Act ("CFRA"), and the California Business and Professions Code §§ 17200 et *seq*. Defendant terminated Plaintiff's employment in February 2020 after it was determined that Plaintiff violated Defendant's attendance policy.

**3.  Legal Issues**

**A.  Plaintiff**

The legal issues in dispute are:

Whether Defendant's unilateral policy change interfered with Plaintiff and the Proposed Class(es) rights under the FMLA.

Whether Defendant's unilateral policy change interfered with Plaintiff and the Proposed California Sub-Class(es) rights under the CFRA.

Whether Defendant's unilateral policy change discriminated against Plaintiff and the Proposed Class(es) rights under the FMLA.

Whether Defendant's unilateral policy change discriminated against Plaintiff and the Proposed California Sub-Class(es) rights under the CFRA.

Whether Defendant's unilateral policy change led to wrongful termination of Plaintiff and the Proposed California Sub-Class(es).

Whether Defendant's unilateral policy change was an unlawful, unfair or fraudulent business practice.

Whether Defendant's unilateral policy change may be enjoined or declared unlawful as a violation of the FMLA or CFRA.

**B.  Defendant**

Defendant contends that legal issues in dispute in this case include, without limitation, the following:

Whether Plaintiff's claims are preempted by the Railway Labor Act.

Whether Plaintiff has sufficiently pled allegations to support his causes of action.

Whether Plaintiff's claims are properly pled as a class instead of collective action.

Whether Plaintiff can establish the essential elements of his alleged causes of action.

Based on Plaintiff's Complaint, Defendant anticipates that Plaintiff will dispute whether Defendant interfered with the FMLA.

Based on Plaintiff's Complaint, Defendant anticipates that Plaintiff will dispute whether Defendant discriminated and retaliated against Plaintiff and others similarly situated in violation of the FMLA.

Based on Plaintiff's Complaint, Defendant anticipates that Plaintiff will dispute whether Defendant discriminated and retaliated against Plaintiff and others similarly situated in violation of the CFRA.

Based on Plaintiff's Complaint, Defendant anticipates Plaintiff will dispute whether Defendant's employment policies and practices provided Defendant with some unfair competitive business advantage that injured Plaintiff and others similarly situated, if any, in some way.  Defendant anticipates that this claim will be derivative of each one of Plaintiff's other claims.

Whether Plaintiff's claims are barred, in whole or in part, because he did not exhaust his administrative remedies in the manner required by law.

Whether Plaintiff's claims are barred because Defendant acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any discriminatory, retaliatory or statutorily impermissible factors, none of which were a substantial motivating factor regarding his employment.

Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, and/or after-acquired evidence.

Whether Plaintiff failed to mitigate his claimed damages.

Whether Plaintiff's alleged damages are barred or offset by the avoidable consequences doctrine.

Whether the putative class meet the various requirements for certification under Federal Rules of Civil Procedure Rule 23.

Whether Plaintiff or any putative class member is entitled to recover any damages or remedies.

/ / /

4. **Motions**

    A. **Plaintiff**

    Plaintiff will file a motion for Rule 23 class certification. Plaintiff may file a motion for summary judgment or partial summary judgment if appropriate.

    B. **Defendant**

    Defendant's Motion to Dismiss (ECF No. 12) is currently pending before the Court with a scheduled hearing date on May 12, 2022.

    Defendant anticipates potentially filing a motion for summary judgment or, in the alternative, partial summary judgment. Defendant may file a motion to deny Rule 23 class certification and/or a motion for decertification. Defendant reserves the right to file other motions, as necessary.

5. **Amendment of Pleadings**

    Plaintiff anticipates that he may amend the Complaint and proposes a deadline of 120 days after the Court's order on Defendant's Motion to Dismiss (Dkt No. 12).

    Defendant proposes July 12, 2022, as the deadline for the parties to amend their pleadings.

6. **Evidence Preservation**

    The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rules of Civil Procedure Rule 26 regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

    The parties have agreed to exchange initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a) on or by May 6, 2022.

8. **Discovery**

    A. **Plaintiff**

    Plaintiff will serve written discovery and take necessary fact witness and Rule 30(b)(6) depositions. Plaintiff intends to conduct discovery in the most efficient and economical manner possible. Because many facts are relevant to both class certification and the merits of the causes of

action, Plaintiff is opposed to bifurcating discovery, which will result in inefficiencies including unnecessary disputes or motion practice.

### B.    Defendant

Defendant anticipates conducting written discovery and taking depositions. At this time, no discovery disputes between the parties have arisen.

Defendant proposes a standard bifurcation of pre and post certification discovery issues. First, there will be an initial, pre-certification period (with written discovery requests, followed by depositions of Plaintiff and Defendant's Rule 30(b)(6) witnesses) focused on: (a) Plaintiff's working conditions and relationship with Defendant; and (b) Defendant's personnel and operational policies applicable to Plaintiff and putative class members. Second, in the event a class is certified, there will be a post-certification period focused on discovery going to the merits of Plaintiff's claims and other information going to the quantification of monetary relief.

**9.    Class Actions**

### A.    Plaintiff

Plaintiff seeks to represent several different class and sub-classes (Compl. ¶ 25-30.) Plaintiff believes that the Rule 23 requirements can be met. Plaintiff also asserts that the FLSA collective action remedies are not applicable to this case. (Dkt No. 16.) Plaintiff and counsel have reviewed the Court's Procedural Guidance for Class Action Settlements.

### B.    Defendant

Defendant contends that Plaintiff's claims are improperly pled as a class instead of a collective action. Defendant contends that Plaintiff's class claims do not meet the certification requirements of Federal Rules of Civil Procedure Rule 23. Defendant and its counsel have reviewed the Court's Procedural Guidance for Class Action Settlements.

**10.    Related Cases**

The parties are not aware of any related cases except for the matter of Transport Workers Union v. Southwest Airlines, Group Grievance No. 66383, pending before the Southwest Airlines Flight Attendant System Board of Adjustment, before Arbitrator Stephen Crable, Esq. (referenced in Defendant's Motion to Dismiss) (ECF No. 12).

**11. Relief**

   **A.    Plaintiff**

   Plaintiff on behalf of himself and the proposed Classes seeks compensatory damages, special damages, general damages, injunctive and declaratory relief, costs, and attorney's fees.

   **B.    Defendant**

   Defendant contends that it is not liable for any damages arising from Plaintiff's or the putative class members' claims. Even if Plaintiff could prevail on any of his claims, the calculation of damages would be limited by applicable defenses.

**12. Settlement and ADR**

   Plaintiff does not believe that ADR is appropriate until after some preliminary discovery is complete. However, at the appropriate time Plaintiff is open to mediation after the preliminary discovery is conducted.

   Defendant believes that mediation may be appropriate after some preliminary discovery has been done.

**13. Consent to Magistrate Judge For All Purposes**

   The parties have consented to Magistrate Judge Corley for all purposes.

**14. Other References**

   The parties at this time do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

   At this early stage of the case, the parties are not aware of any issues that can be narrowed by agreement or motion. After the close of discovery, the parties may be able to narrow the issues for trial either via stipulation or motion. Defendant believes that the matter should be bifurcated according to pre and post certification discovery.

**16. Expedited Trial Procedure**

   The parties do not believe that this action can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

/ / /

17. **Scheduling**

   A. **Plaintiff**

   Plaintiff anticipates that a class certification motion can be filed after preliminary discovery has commenced. Plaintiff's proposed Class Certification Schedule:

   | | |
   |---|---|
   | Plaintiff's Motion Due: | November 8, 2022 |
   | Opposition: | December 23, 2022 |
   | Reply: | February 6, 2023 |
   | Hearing: | March 9, 2023 |

   B. **Defendant**

   Defendant believes that the appropriate trial schedule and the duration of the trial will depend on the outcome of the anticipated class certification motion by Plaintiff under Federal Rules of Civil Procedure Rule 23.

   Nevertheless, because this Court's Order requests proposed dates, Defendant proposes the following dates, subject to possible requests to modify these dates depending on the outcome of the class certification motion:

| EVENT | DATE |
|---|---|
| Conclusion of Pre-Certification Discovery | May 12, 2023 |
| Plaintiff's Deadline to file Motion for Class Certification | May 12, 2023 |
| Plaintiff to disclose any expert witnesses and submit any expert reports in support of Motion for Class Certification | May 12, 2023 |
| Defendant's deadline to file Opposition to Plaintiff's Motion for Class Certification | July 14, 2023 |
| Defendant to disclose any expert witnesses and submit any expert reports in Opposition to Plaintiff's Motion for Class Certification | July 14, 2023 |
| Plaintiff to file Reply in support of Motion for Class Certification | September 15, 2023 |

| Hearing on Motion for Class Certification / Further Status Conference (to discuss schedule for post-certification discovery, additional motions, dispositive motions, and trial). | October 19, 2023 |
|---|---|

**18.    Trial**

Pursuant to Plaintiff's election, the matter will be heard before a jury. The anticipated length is largely dependent upon this Court's determination of Plaintiff's anticipated Motion for Class Certification. Depending on the outcome thereof, the prospective trial may range from 15-20 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed their Certifications of Interested Parties or Persons pursuant to Civil L.R. 3-15.

**20.    Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  May 5, 2022         ERLICH LAW FIRM, P.C.

                    By:    */s/ Jason M. Erlich*
                           JASON M. ERLICH
                           Attorneys for Plaintiff and Proposed Class and
                           Subclass RORESTE REFUERZO

Dated:  May 5, 2022         FISHER & PHILLIPS LLP

                    By:    */s/ Kevin L. Quan*
                           ANNIE LAU
                           MEGAN F. CLARK
                           KEVIN L. QUAN
                           DANIEL FARRINGTON
                           Attorneys for Defendant
                           SOUTHWEST AIRLINES CO.

**ECF ATTESTATION**

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from each of the other signatories thereto.

Dated: May 5, 2022                                   */s/ Kevin L. Quan*
                                                                        KEVIN L. QUAN

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____

                              Hon. Jacqueline Scott Corley
                              Magistrate Judge
                              United States District Court