1   JASON M. ERLICH (SBN 203661)
    Email: jason@erlichlawfirm.com
2   ERICH LAW FIRM, P.C.
    180 Grand Ave., Suite 1380
3   Oakland, CA 94612
4   Tel.: (510) 390-9140/Fax: (510) 369-3876

5   JENNIE LEE ANDERSON (SBN 203586)
    Email: jennie@andrusanderson.com
6   ANDRUS ANDERSON LLP
7   155 Montgomery Street, Suite 900
    San Francisco, CA 94104
8   Tel.: (415) 986-1400 / Fax: (415) 986-1474

9   Attorneys for Plaintiff and Proposed Class and Subclass
    RORESTE REFUERZO
10

11  ANNIE LAU (SBN 302438)
    Email: alau@fisherphillips.com
12  MEGAN F. CLARK (SBN 301476)
    Email:  mclark@fisherphillips.com
13  KEVIN L. QUAN (SBN 317798)
    Email:  kquan@fisherphillips.com
14  DANIEL FARRINGTON (*Pro Hac Vice Pending*)
    Email:  dfarrington@fisherphillips.com
15  FISHER & PHILLIPS LLP
16  1 Montgomery Street, Suite 3400
    San Francisco, California 94104
17  Tel.: (415) 490-9000 / Fax: (415) 490-9001

18  Attorneys for Defendant
    SOUTHWEST AIRLINES CO.
19

20                    UNITED STATES DISTRICT COURT

21                  NORTHERN DISTRICT OF CALIFORNIA

22  RORESTE REFUERZO, on behalf of       Case No: 3:22-cv-00868-JSC
    himself and others similarly situated,
23                                        **UPDATED JOINT CASE MANAGEMENT**
                                          **STATEMENT AND [PROPOSED] ORDER**
24            Plaintiff,

25        v.                              Date:      June 2, 2022
                                          Time:      1:30 p.m.
26  SOUTHWEST AIRLINES CO.,               Location:  Courtroom 8, 19th Floor
                                                     Phillip Burton Federal Building
27            Defendant.                             450 Golden Gate Avenue
                                                     San Francisco, CA 94102
28

                                                      CASE NO: 3:22-CV-00868-JSC

Plaintiff Roreste Refuerzo ("Plaintiff") and Defendant Southwest Airlines Co. ("Defendant") by and through their undersigned counsel of record, submit this Updated Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Norther District of California, Civil Local Rule 16-9, and the Court's Order regarding Defendant's Motion to Dismiss (ECF No. 25).

**1.      Jurisdiction and Service**

The Court has original jurisdiction over this action under 28 U.S.C. § 1331.  In addition, the Court has supplemental jurisdiction over all of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Defendant Southwest Airlines Co. has been served.

**2.      Facts**

**A.      Plaintiff**

On March 1, 2019, Southwest unilaterally changed its policy on how Flight Attendants using intermittent FMLA leave were subject to disciplinary points. (Dkt. No. 13-3).  Under this policy change, Flight Attendants were no longer eligible for record improvement such that disciplinary points would be removed from their record when they exercised their right to intermittent FMLA leave.  This policy functions to penalize flight attendants for taking leave protected under the FMLA or CFRA.  (Compl., ¶ 15) Southwest attaches a negative consequence to taking protected leave because employees who exercise their right to intermittent leave are no longer eligible for a benefit of a 2-point deduction while Flight Attendants who do not use intermittent FMLA leave, and are otherwise eligible, are eligible for the benefit of point reductions. The effect of this policy change led to Lead Plaintiff Refuerzo's termination on February 13, 2020 for no other reason than his utilization of intermittent FMLA leave. (Compl. ¶ 16-24.)  Plaintiff brought his claims as a proposed class pursuant to Rule 23(b)(3) in order to represent similarly situated employees who were terminated because of this FMLA leave policy change (*id*. ¶ 25-26) and a proposed class pursuant to Rule 23(b)(2) and/or (c)(4) of employees who have not yet been terminated but have continued to accrue disciplinary points for their use of FMLA leave and remain subject to the unlawful policy. (*Id*. at ¶ 27)

/ / /

/ / /

**B.     Defendant**

Defendant employed Plaintiff as a Flight Attendant.  Defendant denies that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant.  At all relevant times, Defendant denies that it violated the relevant provisions under the Family Medical Leave Act ("FMLA"), California Family Rights Act ("CFRA"), and the California Business and Professions Code §§ 17200 et *seq.*  Defendant terminated Plaintiff's employment in February 2020 after it was determined that Plaintiff violated Defendant's attendance policy.

**3.     Legal Issues**

**A.     Plaintiff**

The legal issues in dispute are:

Whether Defendant's unilateral policy change interfered with Plaintiff and the Proposed Class(es) rights under the FMLA.

Whether Defendant's unilateral policy change interfered with Plaintiff and the Proposed California Sub-Class(es) rights under the CFRA.

Whether Defendant's unilateral policy change discriminated against Plaintiff and the Proposed Class(es) rights under the FMLA.

Whether Defendant's unilateral policy change discriminated against Plaintiff and the Proposed California Sub-Class(es) rights under the CFRA.

Whether Defendant's unilateral policy change led to wrongful termination of Plaintiff and the Proposed California Sub-Class(es).

Whether Defendant's unilateral policy change was an unlawful, unfair or fraudulent business practice.

Whether Defendant's unilateral policy change may be enjoined or declared unlawful as a violation of the FMLA or CFRA.

**B.     Defendant**

Defendant contends that legal issues in dispute in this case include, without limitation, the following:

Whether Plaintiff's claims are preempted by the Railway Labor Act.

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
FP 44065337.1

1    Whether Plaintiff can establish the essential elements of his alleged causes of action.

2    Based on Plaintiff's Complaint, Defendant anticipates that Plaintiff will dispute whether

3    Defendant interfered with the FMLA.

4    Based on Plaintiff's Complaint, Defendant anticipates that Plaintiff will dispute whether

5    Defendant discriminated and retaliated against Plaintiff and others similarly situated in violation of the

6    FMLA.

7    Based on Plaintiff's Complaint, Defendant anticipates that Plaintiff will dispute whether

8    Defendant discriminated and retaliated against Plaintiff and others similarly situated in violation of the

9    CFRA.

10    Based on Plaintiff's Complaint, Defendant anticipates Plaintiff will dispute whether Defendant's

11    employment policies and practices provided Defendant with some unfair competitive business

12    advantage that injured Plaintiff and others similarly situated, if any, in some way.  Defendant anticipates

13    that this claim will be derivative of each one of Plaintiff's other claims.

14    Whether Plaintiff's claims are barred, in whole or in part, because he did not exhaust his

15    administrative remedies in the manner required by law.

16    Whether Plaintiff's claims are barred because Defendant acted at all times in good faith based

17    solely on legitimate business reasons wholly unrelated to any discriminatory, retaliatory or statutorily

18    impermissible factors, none of which were a substantial motivating factor regarding his employment.

19    Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches,

20    unclean hands, and/or after-acquired evidence.

21    Whether Plaintiff failed to mitigate his claimed damages.

22    Whether Plaintiff's alleged damages are barred or offset by the avoidable consequences doctrine.

23    Whether the putative class meet the various requirements for certification under Federal Rules

24    of Civil Procedure Rule 23.

25    Whether Plaintiff or any putative class member is entitled to recover any damages or remedies.

26    / / /

27    / / /

28    / / /

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

FP 44065337.1

**4.      Motions**

  **A.      Plaintiff**

  Plaintiff will file a motion for Rule 23 class certification. Plaintiff may file a motion for summary judgment or partial summary judgment if appropriate.

  **B.      Defendant**

  Defendant anticipates potentially filing a motion for summary judgment or, in the alternative, partial summary judgment.  Defendant may file a motion to deny Rule 23 class certification and/or a motion for decertification.  Defendant reserves the right to file other motions, as necessary.

**5.      Amendment of Pleadings**

  Plaintiff anticipates that he may amend the Complaint and proposes a deadline of September 9, 2022.

  Defendant proposes July 12, 2022, as the deadline for the parties to amend their pleadings.

**6.      Evidence Preservation**

  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rules of Civil Procedure Rule 26 regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures**

  The parties exchanged initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a) on May 6, 2022.

**8.      Discovery**

  **A.      Plaintiff**

  Plaintiff will serve written discovery and take necessary fact witness and Rule 30(b)(6) depositions.  Plaintiff intends to conduct discovery in the most efficient and economical manner possible.  Because many facts are relevant to both class certification and the merits of the causes of action, Plaintiff is opposed to bifurcating discovery, which will result in inefficiencies including unnecessary disputes or motion practice.

/ / /

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

FP 44065337.1

**B.      Defendant**

Defendant anticipates conducting written discovery and taking depositions.  At this time, no discovery disputes between the parties have arisen.

Defendant proposes a standard bifurcation of pre and post certification discovery issues.  First, there will be an initial, pre-certification period (with written discovery requests, followed by depositions of Plaintiff and Defendant's Rule 30(b)(6) witnesses) focused on: (a) Plaintiff's working conditions and relationship with Defendant; and (b) Defendant's personnel and operational policies applicable to Plaintiff and putative class members.  Second, in the event a class is certified, there will be a post-certification period focused on discovery going to the merits of Plaintiff's claims and other information going to the quantification of monetary relief.

**9.      Class Actions**

**A.      Plaintiff**

Plaintiff seeks to represent several different class and sub-classes (Compl. ¶ 25-30.) Plaintiff believes that the Rule 23 requirements can be met.  Plaintiff also asserts that the FLSA collective action remedies are not applicable to this case. (Dkt No. 16.)  Plaintiff and counsel have reviewed the Court's Procedural Guidance for Class Action Settlements.

**B.      Defendant**

 Defendant contends that Plaintiff's class claims do not meet the certification requirements of Federal Rules of Civil Procedure Rule 23.  Defendant and its counsel have reviewed the Court's Procedural Guidance for Class Action Settlements.

**10.      Related Cases**

The parties are not aware of any related cases except for the matter of Transport Workers Union v. Southwest Airlines, Group Grievance No. 66383, pending before the Southwest Airlines Flight Attendant System Board of Adjustment, before Arbitrator Stephen Crable, Esq.

**11.      Relief**

**A.      Plaintiff**

Plaintiff on behalf of himself and the proposed Classes seeks compensatory damages, special damages, general damages, injunctive and declaratory relief, costs, and attorney's fees.

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

FP 44065337.1

**B.     Defendant**

Defendant contends that it is not liable for any damages arising from Plaintiff's or the putative class members' claims.  Even if Plaintiff could prevail on any of his claims, the calculation of damages would be limited by applicable defenses.

**12.     Settlement and ADR**

Plaintiff does not believe that ADR is appropriate until after some preliminary discovery is complete.  However, at the appropriate time Plaintiff is open to mediation after the preliminary discovery is conducted.

Defendant believes that mediation may be appropriate after some preliminary discovery has been done.

**13.     Consent to Magistrate Judge For All Purposes**

The parties have consented to District Judge Corley for all purposes.

**14.     Other References**

The parties at this time do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

At this early stage of the case, the parties are not aware of any issues that can be narrowed by agreement or motion.  After the close of discovery, the parties may be able to narrow the issues for trial either via stipulation or motion.  Defendant believes that the matter should be bifurcated according to pre and post certification discovery.

**16.     Expedited Trial Procedure**

The parties do not believe that this action can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.     Scheduling**

**A.     Plaintiff**

Plaintiff anticipates that a class certification motion can be filed after preliminary discovery has commenced.  Plaintiff's proposed Class Certification Schedule:

/ / /

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

FP 44065337.1

Plaintiff's Motion Due:        November 8, 2022

Opposition:                    December 23, 2022

Reply:                         February 6, 2023

Hearing:                       March 9, 2023

**B.    Defendant**

Defendant believes that the appropriate trial schedule and the duration of the trial will depend on the outcome of the anticipated class certification motion by Plaintiff under Federal Rules of Civil Procedure Rule 23.

Nevertheless, because this Court's Order requests proposed dates, Defendant proposes the following dates, subject to possible requests to modify these dates depending on the outcome of the class certification motion:

| EVENT | DATE |
|---|---|
| Conclusion of Pre-Certification Discovery | May 12, 2023 |
| Plaintiff's Deadline to file Motion for Class Certification | May 12, 2023 |
| Plaintiff to disclose any expert witnesses and submit any expert reports in support of Motion for Class Certification | May 12, 2023 |
| Defendant's deadline to file Opposition to Plaintiff's Motion for Class Certification | July 14, 2023 |
| Defendant to disclose any expert witnesses and submit any expert reports in Opposition to Plaintiff's Motion for Class Certification | July 14, 2023 |
| Plaintiff to file Reply in support of Motion for Class Certification | September 15, 2023 |

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

FP 44065337.1

| Hearing on Motion for Class Certification / Further Status Conference (to discuss schedule for post-certification discovery, additional motions, dispositive motions, and trial). | October 19, 2023 |
|---|---|

**18.    Trial**

Pursuant to Plaintiff's election, the matter will be heard before a jury. The anticipated length is largely dependent upon this Court's determination of Plaintiff's anticipated Motion for Class Certification. Depending on the outcome thereof, the prospective trial may range from 15-20 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed their Certifications of Interested Parties or Persons pursuant to Civil L.R. 3-15.

**20.    Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  May 26, 2022                    ERLICH LAW FIRM, P.C.

By:  */s/ Jason M. Erlich*
_____
JASON M. ERLICH
Attorneys for Plaintiff and Proposed Class and
Subclass RORESTE REFUERZO

Dated:  May 26, 2022                    FISHER & PHILLIPS LLP

By:  */s/ Kevin L. Quan*
_____
ANNIE LAU
MEGAN F. CLARK
KEVIN L. QUAN
DANIEL FARRINGTON
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
FP 44065337.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ECF ATTESTATION

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from each of the other signatories thereto.


Dated: May 26, 2022                    */s/ Kevin L. Quan*
                                       KEVIN L. QUAN

UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
FP 44065337.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**


Dated: _____        _____

Hon. Jacqueline Scott Corley
District Judge
United States District Court

11                                    CASE NO: 3:22-CV-00868-JSC
UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

FP 44065337.1