UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORESTE REFUERZO and SELINA CASHIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No. 22-cv-00868-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES**<br><br>Re: Dkt. No. 76 |

Plaintiffs sue Southwest Airlines Co. (Southwest) for penalizing flight attendants' exercise of family and medical leave in violation of the Family and Medical Leave Act and California Family Rights Act. (Dkt. No. 36.)[1] Plaintiffs move for leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and an order compelling Southwest to supplement their responses to Plaintiffs' Request for Production of Document and Electronically Stored Information to Defendants, Set Four. (Dkt. No. 76.) After carefully reviewing the briefing, and with the benefit of oral argument on August 24, 2023, the Court GRANTS Plaintiffs leave to amend.

**DISCUSSION**

**A. Leave to Amend**

After a party has amended a complaint once as a matter of course, it may only amend further by obtaining leave of the court or consent of the adverse party. Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1051 (9th Cir. 2003). Under Rule 15, "leave shall be freely given when justice so requires." *Id*. Courts grant leave to amend with extreme

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  liberality. *Eminence*, 316 F. 3d at 1051. A district court may exercise its discretion to deny leave
2  to amend in circumstances of undue delay, bad faith or dilatory motive on part of the movant,
3  undue prejudice to the opposing party, or futility of amendment. *Washington State Republican*
4  *Party v. Washington State Grange*, 676 F.3d 784, 797 (9th Cir. 2012). In particular, "late
5  amendments to assert new theories are not reviewed favorably when the facts and the theory have
6  been known to the party seeking amendment since the inception of the cause of action." *Acri v.*
7  *Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

8  Plaintiffs seek leave to amend their First Amended Complaint under Rule 15(a)(2) to
9  include flight attendants who took continuous leave on the grounds 1) the proposed amendments
10 are necessary to provide remedies to class members who took continuous leave under the Family
11 and Medical Leave Act, 2) neither undue delay nor bad faith exist, and 3) Southwest will not be
12 prejudiced by the late amendment. Southwest opposes leave on the grounds Plaintiffs engaged in
13 undue delay and such amendments would severely prejudice Southwest.

14 **a. Undue Delay**

15 Plaintiffs argue that until deposing Southwest employee Catherine Rea on April 25, 2023,
16 they could not have known Southwest violates the Family and Medical Leave Act with respect to
17 intermittent *and* continuous leave by attaching the same negative consequences to each. Ms.
18 Rea's deposition revealed Southwest "was not actually applying a 'freeze' to flight attendants'
19 access to record improvement upon taking continuous FMLA leave, but instead disqualifying
20 them from the benefit of record improvement in precisely the same manner in which they
21 disqualify flight attendants who take intermittent FMLA leave." (Dkt. No. 76 at 5.)

22 Southwest argues Plaintiffs knew or should have known Southwest changed its policy to
23 treat continuous and intermittent leave the same since at least November 2019, or, alternatively,
24 Plaintiffs unduly delayed in seeking the discovery upon which the proposed amendments are
25 based. Southwest claims four documents demonstrate Plaintiffs knew or should have known
26 Southwest's policies on continuous leave. The Court has reviewed the documents and disagrees.
27 While the documents suggest the continuous leave policy was the same as intermittent, they also
28 suggest the policy would not penalize employees for taking FMLA leave. Plaintiffs knew (or at

least believe), that despite this assurance, employees were being penalized for taking intermittent leave.  But Plaintiffs did not know until the April 2023 30(b)(6) deposition those employees taking continuous leave were also being penalized in the same way.

For example, Southwest identifies a union newsletter—the "556 Galley Gazette" document Plaintiffs produced on August 24, 2022—to argue Plaintiffs knew "flight attendants' use of continuous and intermittent FMLA leave in a given quarter disqualifies them from reducing their attendance points through the four mechanisms of record improvement." (Dkt. No. 79 at 7.)  The 566 Galley Gazette states:

> Time on a Leave of Absence other than Jury Duty, Funeral Leave, and a single OJI occurrence of four (4) working days or less (limited to one time per calendar year), will disqualify you from being eligible for reducing points through No Chargeable Occurrences. This includes both Continuous and Intermittent FMLA. **(The Union disagrees with the Company and we are currently grieving this process regarding Intermittent FMLA.)**

(Dkt. No. 79-2 at 6 (emphasis added).)  This document only establishes continuous and intermittent leave are chargeable occurrences for which employees are disqualified from record improvement, it does not show "Plaintiff has been well aware that flight attendants' use of continuous and intermittent FMLA leave were treated the same." (Dkt. No. 79 at 7.)  Indeed, Southwest's argument is undermined by the cited parenthetical, which indicates Local 556 of the Union for Southwest Airlines Flight Attendants disagreed with and initiated the grieving process regarding intermittent leave but not continuous leave.  If Southwest has treated continuous and intermittent leave the same since March 2019, why would Local 556 contest the chargeable occurrence policy regarding intermittent but not continuous leave?

In sum, the April 2023 deposition revealed neither continuous nor intermittent leave freezes record improvement and both operate as alleged in the First Amended Complaint under Southwest's March 2019 policy.  Plaintiffs offer satisfactory explanations for the delay in taking Ms. Rea's deposition, and the Court finds no evidence of undue delay.  Even if it did, delay alone is insufficient to justify the denial of Plaintiffs' motion.  *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) ("The purpose of the litigation process is to vindicate meritorious claims.  Refusing, solely because of delay, to permit an amendment to a pleading in order to state a

1  potentially valid claim would hinder this purpose while not promoting any other sound judicial
2  policy.  Only where prejudice is shown or the movant acts in bad faith are courts protecting the
3  judicial system or other litigants when they deny leave to amend a pleading."); *DCD Programs,*
4  *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Delay alone is not sufficient to justify the
5  denial of a motion requesting leave to amend.").

### b. Undue Prejudice

"Among the discretionary factors, prejudice to the opposing party carries the greatest weight. *DiMercurio v. Equilon Enterprises LLC*, No. 19-CV-04029-JSC, 2021 WL 4895046, at *1 (N.D. Cal. Oct. 20, 2021) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).  Defendants have failed to establish prejudice.  All facts Plaintiffs seek to allege in the proposed Second Amended Complaint were known to Southwest or otherwise within Southwest's possession or control.  Southwest has been on notice of Plaintiffs' intent to include continuous leave at least since receiving Plaintiff's Request for Production of Documents and Electronically Stored Information to Defendant, Set Four on May 5, 2023.  Southwest claims it will suffer undue prejudice if it is required to conduct discovery on flight attendants who took continuous leave, but the prospect of additional discovery alone is insufficient to overcome Rule 15's liberal policy of allowing amendments.  *See, e.g.*, *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 531 (N.D. Cal. 1989).

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Because Southwest has not established prejudice or delay, and has failed to make a showing of any of the remaining factors, the Court GRANTS Plaintiffs leave to amend their First Amended Complaint. Plaintiffs shall file the amended complaint by today, August 25, 2023, and Southwest shall respond within 30 days. The Court sets a further case management conference at 1:30 p.m. via Zoom video on October 19, 2023. An updated joint case management conference statement is due one week in advance. At the conference the Court will address the discovery issues as discussed at the conference, if appropriate.

This order disposes of Docket No. 76.

**IT IS SO ORDERED.**

Dated: August 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge