JASON M. ERLICH, Bar No. 203661
  Email: jason@erlichlawfirm.com
ERLICH LAW FIRM, P.C.
180 Grand Ave., Suite 1380
Oakland CA 94612
Tel: (510) 390-9140
Fax: (510) 369-3876

Jennie Lee Anderson, Bar No. 203586
  Email: jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel:   (415) 986-1400
Fax:   (415) 986-1474

Attorneys for Lead Plaintiffs,
Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORESTE REFUERZO and SELINA CASHIN, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SOUTHWEST AIRLINES CO.,<br><br>    Defendant. | Case No. 3:22-cv-00868-JSC<br><br>**REVISED TRIAL PLAN** |

- 1 -

**INTRODUCTION & OVERVIEW**

This Trial Plan presents a structure consistent with *Teamsters v. United States*, 431 U.S. 324 (1977) and due process requirements. Phase 1 resolves liability and damages through sequenced testimony that addresses common liability issues first, followed by individualized damages issues. Phase 1A covers proof of a class wide violation of the FMLA, and Phase 1B covers causation and proof of damages. Phase 1B has subphases for individualized proof on (1) causation, (2) damages and offsets, and (3) mitigation. This structure avoids individualized mini-trials by resolving the common legality of Southwest's policy first and limiting individualized issues to a defined set of damages class members identified by the parties.  Phase 2 addresses the equitable issues reserved for the court.

**PHASE 1: LIABILITY AND COMMON QUESTIONS OF PROOF (2-3 Days)**

**A. Phase 1A - Liability Evidence**

In this phase, Plaintiffs intend to put on proof of an FMLA violation common to all members of both the injunctive and the damages classes. Following openings and preliminary instructions to the jury, Plaintiffs will present the following evidence:

1. Testimony from Southwest's Attendance & Leave Department representatives on:

    • Southwest's written policy on attendance infractions and Record Improvement benefits.

    • Southwest's termination threshold (12 points) and how it operates.

    • Southwest's policy on denying Record Improvement benefits to flight attendants who use FMLA leave.

    • The business reason, justification and evolution of the policy since March 1, 2019.

    • Evidence that flight attendants who took FMLA leave were deprived of point-reduction benefits to which they were otherwise entitled.

2. Sample Class Member Testimony

    • Several Flight Attendants who are members of the damages class will present evidence that the subject policy was a negative factor in their terminations.

- Member(s) of the injunctive class will present evidence that they lost point-reduction benefits because they took FMLA leave.
- Lead Plaintiff Refuerzo will provide testimony regarding his individual claims for a CFRA interference violation and wrongful termination in violation of public policy.

3. Documentary evidence:

- Southwest's Record Improvement policy as written.
- Attendance Records—showing how Record Improvement eligibility is coded and calculated.
- Southwest's communications about their policy.
- Southwest's Responses to Requests for Admission.

**B. Phase 1B (1)—Individual Causation Challenges**

At this stage, Plaintiffs intend to have already established an FMLA violation encompassing every member of both classes. Phase 1B(1) focuses on whether this violation caused the termination of particular class members. This subphase provides Southwest the opportunity to present evidence that the subject policy was not a negative factor in the termination of specific (b)(2) damages class members.

Southwest will be required, in advance, to identify which damages class members they believe would have been fired despite the application of the policy. This phase will exclude any class members that Southwest has not identified and substantively attacked for causation.

If Defendants identifies class members they intend to attack for causation, Plaintiffs will present documentary and testimonial evidence demonstrating how the subject policy impacted their individual attendance records. Plaintiffs will present the following evidence during this subphase:

1. Testimony from Southwest's corporate representatives on the termination process:
   - How the 12-point threshold operates.
   - Whether the subject policy was a negative factor in the individual class members' termination.
2. Documentary evidence:
   - Attendance records for terminated Flight Attendants showing:

- ▪ The points they accumulated.

- ▪ The quarters in which they took FMLA leave.

- ▪ The Record Improvement benefits they would have received absent the policy.

### C. Phase 1B(2): Damages and Individualized Offsets

Plaintiffs will present the following evidence:

1. Expert Testimony: Damages Calculation. Plaintiffs' economist (Jeff Peterson) will testify on:

- o Baseline Damages.

- o Lost wages from termination to trial.

- o Future wage loss (if applicable).

- o Offset Analysis. The economist will testify about his offset analysis based on class members' actual earnings.

2. Testimony: Individual Class Members

- o Phase 1B(2) will include testimony from selected class members regarding their post-termination employment efforts and the impact of termination on their careers. Plaintiffs will present testimony from approximately 2-4 class members, selected to represent different fact patterns:

   - ▪ Class members who found employment in different industries at significantly lower wages.

   - ▪ Class members who remained unemployed for extended periods.

### D. Phase 1B(3)—Mitigation

To meet its burden on this issue, Defendant must satisfy all three prongs of a conjunctive three-part test, showing that: (1) Substantially similar employment was available; (2) Plaintiffs could have obtained a substantially equivalent position; and (3) Plaintiffs failed to use reasonable diligence in finding such a position. *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995) (setting out the three-part mitigation test); *Robillard v. Opal Labs, Inc.*, 428 F.Supp.3d 412, 455 (D. Ore. 2019) (reiterating the three-part test); *Cheeks v. General Dynamics*, 22 F. Supp.3d 1015, 1027 (D. Ariz. 2014), citing *Odima*, 53 F.3d at 1497 (defining the first requirement of the test: "Substantially equivalent employment is that which affords virtually identical promotional opportunities,

compensation, job responsibilities, working conditions, and status as the position" which the plaintiff lost as a result of the violation of the law).

Southwest should, for trial management purposes, identify which damages class members it intends to attack on this issue. To the extent that this defense is still operative at trial, Plaintiffs will provide testimony as to reasonableness from identified class members, including documents and testimony of their understanding of the availability of comparable work and any job search and earnings information they wish to present. Plaintiffs will also present testimony from their expert economist about the labor market for flight attendant positions.

### E. Closing, Jury Instructions, and Verdict Form

**1. Jury Instructions**. The jury will receive instructions on:

- FMLA interference: The jury will be instructed on the elements of an FMLA interference claim and the circumstances under which an employment policy may unlawfully penalize protected leave.

- The first three elements of an FMLA interference claim are not in dispute: Each class member was (1) eligible for FMLA leave, (2) was entitled to FMLA leave; and (3) gave proper notice of their need for leave.

- Injunctive Class. The jury will be instructed that the FMLA is violated if Southwest used FMLA leave as a negative factor in application of its points-reduction policy.

- Damages Class: The jury will be instructed that interference is present if the taking of FMLA was a negative factor in damages class members' terminations.

- Damages. The jury will be instructed on back wages, future wages, offset earnings, and duty to mitigate.

**2. Verdict Form**

<u>Classwide Liability and Damages</u>

The jury will answer the following questions applicable to the entire class:

1. Did Southwest Airlines deny flight attendants Record Improvement benefits because they used FMLA leave?

___ Yes       ___ No

- 5 -

If your answer to Question 1 is "yes," proceed to Question 2.

If your answer to Question 1 is "no", stop here, and proceed to Section B.

2. Was the loss of Record Improvement benefits a negative factor in class members reaching the 12-point termination threshold?

___ Yes ___ No

If your answer to Question 2 is "yes," proceed to Question 3.

If your answer to Question 2 is "no", stop here, and proceed to Section B.

3. What amount of damages do you award for each class member?

[Class Member 1]:

a) What are the lost wages and benefits from termination to today? $_____

b) What is the offset for post-termination earnings? $_____

c) Total: $_____

[Class Member 2]:

a) What are the lost wages and benefits from termination to today? $_____

b) What is the offset for post-termination earnings? $_____

c) Total: $_____

(The verdict form will list each terminated class member)

<u>Lead Plaintiff Refuerzo Individual Causes of Action and Damages</u>

The jury will receive a verdict form for Mr. Refuerzo's individual causes of action: CFRA retaliation / discrimination and wrongful termination in violation of public policy.

## PHASE 2: EQUITABLE ISSUES FOR THE COURT

### A. Liquidated Damages

After the jury returns Phase 1 damages verdicts, the court will decide whether to award liquidated damages (doubling the award) as allowed by 29 U.S.C. § 2617. Although liquidated damages are the statutory default and there is a strong presumption in favor of them, Southwest may attempt to avoid such damages by demonstrating that it acted in good faith and had reasonable grounds

- 6 -

for believing its conduct complied with the FMLA. Plaintiffs will—within parameters for both sides set by the court—present evidence and argument that Southwest's violation of the law was neither reasonable nor enacted in good faith.

**B. Injunctive and Declaratory Relief**

Outside the jury's presence, Plaintiffs will request:

- A declaration that the subject policy violates the FMLA
- An injunction prohibiting Southwest from applying the subject policy going forward
- An order requiring Southwest to recalculate attendance records for all class members, restoring Record Improvement benefits they would have received absent the unlawful policy

**CONCLUSION**

Plaintiffs' proposed Trial Plan will allow for the most efficient trial and resolution of their claims before a jury and this Court. Plaintiffs reserve the right to suggest changes to this Trial Plan in advance of trial as may become necessary.

Date:   March 11, 2026

/S/ Jason Erlich

_____

By:    Jason M. Erlich
       Jennie Lee Anderson
Attorneys for Lead Plaintiffs and Proposed
Class and Subclass
RORESTE REFUERZO