UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORESTE REFUERZO, et al., | Case No. 22-cv-00868-JSC |
| Plaintiffs, | |
| v. | **ORDER RE: DEFENDANT'S ADMINISTRATIVE MOTIONS TO SEAL** |
| SOUTHWEST AIRLINES CO., | |
| Defendant. | Re: Dkt. Nos. 175, 188 |

Pending before the Court are Defendant Southwest Airlines Co.'s unopposed administrative motions to seal. (Dkt. Nos. 175, 188.) Defendant moves to seal the entirety of an exhibit containing a class member's settlement agreement and portions of exhibits containing class members' depositions and discovery responses. For the reasons set forth below, the Court GRANTS Defendant's motions.

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (cleaned up).

Additionally, sealing is governed by this District's Civil Local Rule 79-5, under which sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private

or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *See* N.D. Cal. Civ. L.R. 79-5(c)(1).  Civil Local Rule 79-5 also requires the parties to "narrowly tailor[ ]" their requests only to the sealable material.  *Id.* L.R. 79-5(c)(3).

| Docket Entry | Proposed Information to Seal and Reasons for Sealing | Ruling on Motion |
|---|---|---|
| Dkt. No. 175-5 (Confidential settlement agreement) | Defendant seeks to seal the entirety of the agreement. One of the agreement's terms is that the agreement remain confidential. *See United Rentals, Inc. v. Ahern Rentals, Inc.*, 2012 WL 5418355, at *1 (D. Nev. Nov. 2, 2012). | The Court **GRANTS** the request. |
| Dkt. No. 188-3 at 16:25-17:13, 22:25-23:3, 23:11-12, 23:22-24:23 (Class member Pamela Unger's deposition transcript) | Defendant seeks to seal portions of the deposition transcript where Ms. Unger discusses her health conditions and treatments for those conditions. *See Abbey v. Hawaii Emps. Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010), on reconsideration in part (Feb. 7, 2011) ("The need to protect medical privacy qualifies as a 'compelling | The Court **GRANTS** the request. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | |
|---|---|---|
| | reason' that overcomes the presumption of public access to judicial records."). | |
| Dkt. No. 188-5 at 8:11-12, 12:13-13:19 (Class member Michele Gourdine's deposition transcript) | Defendant seeks to seal portions of the deposition transcript where Ms. Gourdine discusses a health condition and details about communications with her treatment providers. *See Abbey*, 760 F. Supp. 2d at 1013. | The Court **GRANTS** the request. |
| Dkt. No. 188-7 at 19:4-20:16, 21:2-24, 22:2-23, 23:5-18, 24:3-16 (Class member Renee Pearman's deposition transcript) | Defendant seeks to seal portions of the deposition transcript where Ms. Pearman discusses medical conditions and details about communications with her treatment providers. *See Abbey*, 760 F. Supp. 2d at 1013. | The Court **GRANTS** the request. |
| Dkt. No. 188-9 at 13:22-14:25, 21:2-23:6, 23:19-24:2 (Class member Victoria Paige Mack's deposition transcript) | Defendant seeks to seal portions of the deposition transcript where Ms. Mack discusses sensitive personal issues, health conditions, and details about communications with her treatment providers. | The Court **GRANTS** the request. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | *See Abbey*, 760 F. Supp. 2d at 1013. | |
| Dkt. No. 188-11 at 7:14-8:19, 9:1-10:25 (Class member Cherish Sakovich's deposition transcript) | Defendant seeks to seal portions of the deposition transcript where Ms. Sakovich identifies medical providers and details about treatment she received. *See Abbey*, 760 F. Supp. 2d at 1013. | The Court **GRANTS** the request. |
| Dkt. No. 188-13 at 8, 11 (Portions of Plaintiffs' fifth supplemental responses to Defendant's special interrogatories, set two) | Defendant moves to seal portions of Plaintiff's discovery responses which identify two class members' medical conditions.  *See Abbey*, 760 F. Supp. 2d at 1013. | The Court **GRANTS** the request. |
| Dkt. No. 188-15 at 5-10 (Portions of Plaintiffs' third supplemental responses to Defendant's special interrogatories, set three) | Defendant moves to seal portions of Plaintiff's discovery responses which detail class members' health conditions, medical treatment, and physicians' contact information. *See Abbey*, 760 F. Supp. 2d at 1013. | The Court **GRANTS** the request. |

**CONCLUSION**

Defendant's administrative motions to seal are GRANTED.  Defendant has met its burden of showing there are compelling reasons that overcome the presumption of public access to these records.

This order disposes of Dkt. Nos. 175, 188.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge